STROMBERG MOTOR DEVICES CO. v. ARNSON et al. (Circuit Court of Appeals, Second Circuit. April 10, 1918.) No. 181. Appeal from the District Court of the United States for the Southern District of New York. Suit by the Stromberg Motor Devices Company against Ludwig Arnson and Alfred Michaels, as copartners, etc. From a decree for defendants, complainants appeal. Affirmed. See, also, 239 Fed. 891, 153 C. C. A. 19. William Houston Kenyon, of New York City, and E. A. Brown, of Chicago, Ill. (Seward Davis, of New York City, of counsel), for appellant. Frederick Zorn, of New York City (Joseph Kahn, of New York City, of counsel), for appellees. Before WARD, ROGERS, and HOUGH, Circuit Judges.

PER CURIAM. Decree affirmed.

---

In re M. & H. GORDON. (District Court, S. D. New York. December, 1917.) In Bankruptcy. In the matter of M. & H. Gordon, bankrupts. On motion for confirmation of composition. Granted. For prior opinion, see 245 Fed. 905.

MAYER, District Judge. On the return of this proceeding from the special master, an entirely different situation is presented from that which was the subject-matter of my previous opinion. It is conceded by all counsel that the conclusion arrived at on the previous record was inevitable. Now, however, I am entirely satisfied that the payment of the bills of the accountant and detective incurred by Mr. Myers on behalf of his client, Gera Mills, is not to come, and was not intended to come, from the bankrupt. One of the purposes of the composition was to save, if possible, a small sum for the widow of one of the deceased bankrupts. In view of my former opinion in the matter, it is but just to Mr. Myers to state that I am pleased that the facts as now clearly presented fully refute any purpose either to violate the letter or spirit of the statute or to indulge in any unethical conduct. In view of the pending foreclosures and the situation generally, I think the composition, if modified as indicated by me on the argument, would be in the best interests of the creditors. I see no reason to doubt that the so-called family claims are other than legitimate. Further controversy would unduly prolong the disposition of this estate, and at most might result in a very slight increase for the creditors. On the other hand, the probability of decrease is so much greater than that of increase that in the circumstances I think it best to confirm the composition. I am very glad, however, that counsel for the objecting creditor brought up the whole subject, because the discussion and the resultant conclusions may (and I hope will) be of service in connection with compositions. The order may be settled on notice for any day after to-day.